IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KIOWA ASSOCIATION IN ASSOCIATION
WITH THE KIOWA INDIAN TRIBE ET AL.,

    Plaintiffs,

v.        CV 09-0467 MV/WPL

ATTORNEY GENERAL OF NEW MEXICO
GARY KING ET AL.,

    Defendants.

**ORDER**

Defendants Otero County Sheriff, Doña Ana County Sheriff, and Curtis Childress filed a motion to dismiss Plaintiffs' claims against them. (Doc. 10.) Among other things, they assert qualified immunity. (*Id.* at 4-6.) Defendant Darren White, Sheriff of Bernalillo County, filed a motion to join in the motion to dismiss. (Doc. 14.) The Otero County Sheriff, Doña Ana County Sheriff, and Curtis Childress later filed a motion to stay proceedings pending the outcome of their motion to dismiss. (Doc. 25.) They contend that a stay is appropriate because they have asserted the defense of qualified immunity. Defendant White concurs in the motion to stay and none of the other defendants opposes it. Plaintiffs do, however, oppose the motion.

"The defense by a public official based on a claim of qualified immunity, if successful, protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). Accordingly, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Id.* at 336. The court must determine whether a reasonable

person could have believed the defendants' alleged actions to be lawful. If so, "defendants are entitled to dismissal before discovery." *Id.* In a suit with multiple defendants, only some of whom assert qualified immunity, all discovery should be postponed pending a ruling on qualified immunity. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009). If the qualified immunity issue is not resolved by a motion to dismiss, "discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved." *Workman*, 958 F.2d at 336. Any such discovery must be tailored specifically to the qualified immunity defense. *Id.*

Plaintiffs do not discuss any of these principles in response to the motion to stay. Instead, they focus almost entirely on the merits of the underlying claims and the merits of the qualified immunity defense. (*See* Doc. 29.) Those issues are not before me.

Plaintiffs also assert that Defendants violated my initial scheduling order. That order instructed the parties to confer for purposes of developing a provisional discovery plan no later than twenty-one days before the initial scheduling conference, as required by Rule 26(f) of the Federal Rules of Civil Procedure. (Doc. 24.) Plaintiffs state that they complied with this instruction by setting a meeting with all defense counsel. They accuse Defendants of filing the motion to stay "as a smoke screen and dilatory tactic to not comply with this mandatory meeting." (Doc. 29 ¶ 5.) The Defendants did not violate the initial scheduling order merely by seeking relief from its provisions. And although the Rule 26(f) meeting is generally mandatory, it is not mandatory if "the court orders otherwise." FED. R. CIV. P. 26(f)(1). On September 18, 2009 (more than twenty-one days before the initial scheduling conference) I vacated the deadlines and settings in the initial scheduling order pending a ruling on the motion to stay. (Doc. 27.)

It does not appear that an initial scheduling conference would serve any legitimate purpose or that any discovery should be permitted in this case pending a ruling on qualified immunity.

Defendants have raised qualified immunity by a motion to dismiss and do not rely on any material outside Plaintiffs' complaint. Plaintiffs do not argue that they need discovery to counter the defense.

IT IS THEREFORE ORDERED that the motion to stay is GRANTED. The initial scheduling order and the deadlines and settings therein are vacated. All discovery is stayed pending a ruling on qualified immunity. This stay does not apply to briefing on pending motions.

IT IS SO ORDERED.

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

3