IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KIOWA ASSOCIATION in association with
the KIOWA INDIAN TRIBE under the
provision of CFR 25 through ELTON
LOWRY as Director and THE NEW
MEXICO GAME FOWL BREEDERS
ASSOCIATION through RONALD
BARRON as President and its members and
all others similarly situated and/or injured,

      Plaintiffs

v.

ATTORNEY GENERAL OF NEW
MEXICO GARY KING, and OTERO
COUNTY SHERIFF INDIVIDUALLY,
HUMANE SOCIETY OF THE UNITED
STATES and HEATHER FURGESON of the
Animal Protection of New Mexico and as a
Member of the Task Force and DARREN
WHITE, SHERIFF OF BERNALILLO
COUNTY, and STEVE SUTTLE,
ASSISTANT ATTORNEY GENERAL as
Head of the Task Force, PATRICIA FEESER
as DVM Vet, and FARON SEGOTTA,
CHIEF OF N.M. STATE POLICE, and
CURTIS CHILDRESS as Animal Control
Officer of Dona Ana County, JOHN P.
GOODWIN of the HUMANE SOCIETY OF
THE UNITED STATES and other JON
DOES to be later identified,

      Defendants.

No:   CIV 09-00467-MV-WPL

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant John P. Goodwin's Motion to

Dismiss, filed June 30, 2009 (Doc. 16) under Fed. R. Civ. P. 12(b)(5) and 4(e) for failure to

properly serve Defendant Goodwin, and Defendants Humane Society of the United States ("HSUS") and John P. Goodwin's Motion to Dismiss, filed September 18, 2009 (Doc. 28) pursuant to Fed. R. Civ. P. 4(m), for Plaintiffs' failure to timely serve Defendants Goodwin and HSUS.  The Court has reviewed the motions, the memorandum and exhibits submitted by the parties, and the relevant authorities.  The Court concludes that the motions to dismiss must be **GRANTED**.

I.  INTRODUCTION

Federal Rules of Civil Procedure require that all defendants named in an action be served in order for a court to exercise personal jurisdiction: "'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. 'Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'"  *Bernard v. Husky Truck Stop*, 1995 U.S. App. LEXIS 145 at *3-4 (10th Cir. 1995); *quoting Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 98 L. Ed. 2d 415, 108 S. Ct. 404 (1987) (*in turn quoting Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45, 90 L. Ed. 185, 66 S. Ct. 242 (1946)).

Federal Rules of Civil Procedure Rule 4 provides the acceptable means of service and the deadline for service.  It states, in relevant part:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age

>and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process . . .
>
>(m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . .

This case was filed more than 120 days ago, and HSUS never received service, nor has any attempt to serve HSUS been indicated by Plaintiff. Similarly, service was (incorrectly) attempted on Defendant Goodwin in Washington, D.C. and Defendant Goodwin was not properly served within the 120 day time limit.

Under New Mexico's Rules of Civil Procedure, service may be accomplished by serving the individual personally or by mail or commercial courier, or at the person's dwelling or abode, or by delivery of process to the person's actual place of business or employment "to the person apparently in charge thereof and by mailing a copy . . . to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment." *See* N.M. Dist. Ct. R.C.P. 1-004.

Similarly, in Washington, D.C., service upon an individual may be accomplished by mailing service via registered or certified mail, return receipt requested, to the individual, or by delivering service to the individual personally, or by leaving service at the individual's dwelling/abode with a "person of suitable age and discretion then residing therein" or through delivery to an agent authorized to receive service of process. *See* D.C. SCR-Civil Rule 4.

II.  ANALYSIS

    A.  SERVING MR. GOODWIN AT THE WASHINGTON, D.C. OFFICE OF THE HUMANE SOCIETY WAS IMPROPER

Mr. Goodwin has stated by affidavit that he neither works at the Washington, D.C. office of the Humane Society, nor lives in Washington, D.C.  Rather, he works in Maryland and lives in Virginia.  *See Def.'s Exh. A*.  Even if Plaintiffs were correct that Mr. Goodwin worked in the Humane Society's Washington, D.C. office, Plaintiffs' service of process would still fail because Plaintiffs failed to serve the registered Agent for Service of Process, under Fed. R. Civ. Proc. R 4(e)(2)(C).  (The registered Agent for Service of Process for the Humane Society's Washington, D.C. office is Mr. Roger A. Kindler, according to public records readily available on the internet.  In addition, a quick search by this Court for businesses registered in the State of Maryland yielded the appropriate agent for Service of Process for the Humane Society's Maryland operations).  Instead, the individual attempting service of process left the documents relating to this suit with an administrative assistant at the Humane Society's Washington, D.C. location; this administrative assistant is not authorized to accept service of process, nor does he have actual or apparent authority to accept service of process.  *See* Doc.16, p. 6 and *Pl.'s Exh. B,* para. 6.  The individual attempting to serve did not obtain a signature.  *See Def.'s Aff. A-B*.

    B.  MR. GOODWIN HAS NOT BEEN SERVED PERSONALLY NOR WAS HE SERVED AT HIS DWELLING OR ABODE

In addition to its attempt to serve Mr. Goodwin at a place where he does not work, via a person unqualified to accept service, Plaintiffs have not served Mr. Goodwin personally or at his place of dwelling/abode.  There is no indication on the record that such an attempt was even made.

C.  FAILURE TO RESPOND TO A MOTION CONSTITUTES ACQUIESCENCE

Further, Plaintiffs has not addressed the issues presented in this Motion to Dismiss - the Response filed by Plaintiffs on July 27, 2009 (Doc. 21) does not address any of the arguments presented in the instant Motions, and instead seems to be addressing only the Motion to Dismiss filed by other various defendants under Fed. R. Civ. Pro. R 12(b)(6) on June 22, 2009 (Doc. 10). Under the Rules of this Court, a response must be filed within fourteen (14) days of a motion; "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." *See* D.N.M.LR-Civ. 7.1(b) (2009); *see also* D.N.M.LR-Civ. 7.4(a) (2009).[1]

III.  WAIVER OF SERVICE

The record shows no indication of either a waiver of service of process by either Mr. Goodwin or HSUS, nor an attempt by the Plaintiffs to obtain a waiver of service of process. According to an affidavit filed with this Court, Mr. Goodwin has not waived Service of Process. *See Def.'s Exh. A*, p. 3.  As stated by this Circuit, "Rule 4(d) sets forth a procedure by which a defendant may waive service of a summons.  Compliance with the waiver provision requires that

---

[1] "7.4 Timing of and Restrictions on Responses and Replies. (a) Timing. Except as otherwise provided for in the FED. R. CIV. P., a response must be served and filed within fourteen (14) days after service of the motion, including a motion for summary judgment [cf. FED. R. CIV. P. 56(c)(1)]. A reply must be served and filed within fourteen (14) days after service of the response.  These time periods are computed in accordance with FED. R. CIV. P. 6(a) and (d) and may be extended by agreement of all parties.  For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed.  If an extension of time is opposed, the party seeking the extension must file a separate motion within the fourteen (14) day period.  In all cases, upon completion of briefing, the movant must file a notice certifying that the motion is ready for decision and identifying the motion and all related filings by date of filing and docket number.  An extension of briefing time *must not interfere with established case management deadlines*." (emphasis added).

the waiver be executed by the defendant, returned to the plaintiff, and filed by the plaintiff with the court." *Bernard v. Husky Truck Stop*, 1995 U.S. App. LEXIS 145 at *3-4 (10th Cir. 1995); *see* Fed. R. Civ. Pro. R. 4(d).  The Plaintiffs have not filed a waiver with this Court and there is no indication that they attempted to obtain a waiver.

IV.  THE 120 DAYS FOR SERVING A COMPLAINT HAS PASSED

The Complaint in the instant case was filed on May 12, 2009.  To date, there is no indication that Mr. Goodwin has been properly served, nor that even an attempt was made to serve HSUS.  Therefore, Plaintiffs have not met the 120 day time limit for serving Defendant Goodwin and HSUS under Fed. R. Civ. Proc. R. 4(m).

V.  CONCLUSION

For all of the above reasons, it is appropriate that this Complaint be **DISMISSED** as pertains to Defendants Goodwin and HSUS.  In this case, Defendants Goodwin and HSUS were never served with a summons or copy of the complaint, as required by federal law, nor did they execute and return a waiver of service.  Defendant Goodwin asserts that his attorneys attempted to contact Plaintiffs by telephone on June 24 & 25th, 2009, but these phone calls were never returned.  *See* Doc. 16, p. 8.  Likewise, Defendant HSUS asserts that its attorneys called and wrote to Plaintiffs' counsel indicating failure of service of process and did not receive a response.  *See* Doc. 28, para. 3.   The Plaintiffs have not presented this Court with any explanation of excusable neglect in this case, nor requested leave to do so, nor have the Plaintiffs even responded to Defendants Goodwin and HSUS's Motions to Dismiss (Docs. 16 & 28).  Despite being reminded of their failure to serve by means of these two Motions, filed June 30

and September 18, 2009, the record shows that Plaintiffs have not yet served Defendants Goodwin or HSUS.

Therefore, the Motions to Dismiss this claim against Defendants Goodwin and HSUS for failure to properly serve are **GRANTED** without prejudice.

**DATED** this 30th day of March, 2010.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

**Plaintiff**
**Kiowa Association**
*in association with the Kiowa Indian Tribe under the provision of CRF 25 through Elton Lowry as Director*

represented by **Carlos Miguel Quinonez**
*303 Texas Avenue #203*
*El Paso , TX 79901*
*(915) 533-0009*
*Fax: (915) 533-4399*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**The New Mexico Game Fowl Breeders Association**
*through Ronald Barron as President and its members and all others similarly situated and/or injured*

represented by **Carlos Miguel Quinonez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roger Rodriguez**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| | |
|---|---|
| **Defendant**<br>**Otero County Sheriff**<br>*individually* | represented by **Jonlyn M Martinez**<br>P O Box 1805<br>105 14th St. SW<br>Albuquerque , NM 87103-1805<br>(505) 247-9488<br>Fax: (505) 247-9566<br>Email: jonlyn@sleaseandmartinez.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**Heather Furgeson**<br>*of Animal Protection of New Mexico, and as a member of the Task Force* | represented by **Sean Olivas**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**Steve Suttle**<br>*Assistant Attorney General as Head of the Task Force* | represented by **Sean Olivas**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**Patricia Feeser**<br>as DVM Vet | represented by **Sean Olivas**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**Faron Segotta**<br>*Chief of NM State Police* | represented by **Sean Olivas**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| | |
|---|---|
| **Defendant**<br>**Curtis Childress**<br>as Animal Control Officer of Dona Ana County | represented by **Jonlyn M Martinez**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**William D. Slease**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**John P Goodwin**<br>of the Humane Society of the United States | represented by **Edward F Messett**<br>Civerolo, Gralow, Hill & Curtis, PA<br>PO Drawer 887<br>Albuquerque , NM 87103-0887<br>Email: messette@civerolo.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**M Clea Gutterson**<br>Civerolo, Gralow, Hill & Curtis, PA<br>P.O. Box 887<br>Albuquerque , NM 87103<br>(505)764-6020<br>Fax: (505)764-6099<br>Email: guttersonc@civerolo.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**Jon Does** | |

**Defendant**
**Dona Ana County Sheriff**
*individually*

represented by **Jonlyn M Martinez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

William D. Slease
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Humane Society of the United States**

**Defendant**
**Darren White**
Sheriff, Bernalillo County

represented by **Deborah D. Wells**
Kennedy, Moulton & Wells PC
2201 San Pedro NE
Building 2, Suite 105
Albuquerque , NM 87110
505-884-7887
Fax: 505-884-7123
Email: ddwells@kmwpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*