IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KIOWA ASSSOCIATION in association
with the KIOWA INDIAN TRIBE under the
provision of CFR 25 through ELTON
LOWRY as Director and THE NEW
MEXICO GAME FOWL BREEDERS
ASSOCIATION through RONALD
BARRON as President and its members and
all others similarly situated and/or injured,

       No:    CIV 09-00467-MV-WPL

      Plaintiffs

v.

ATTORNEY GENERAL OF NEW
MEXICO GARY KING, and OTERO
COUNTY SHERIFF INDIVIDUALLY,
HUMANE SOCIETY OF THE UNITED
STATES and HEATHER FURGESON of the
Animal Protection of New Mexico and as a
Member of the Task Force and DARREN
WHITE, SHERIFF OF BERNALILLO
COUNTY, and STEVE SUTTLE,
ASSISTANT ATTORNEY GENERAL as
Head of the Task Force, PATRICIA FEESER
as DVM Vet, and FARON SEGOTTA,
CHIEF OF N.M. STATE POLICE, and
CURTIS CHILDRESS as Animal Control
Officer of Dona Ana County, JOHN P.
GOODWIN of the HUMANE SOCIETY OF
THE UNITED STATES and other JON
DOES to be later identified,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants Curtiss Childress, Animal

Control Officer of Dona Ana County, Dona Ana County Sheriff and Otero County Sheriff's

1

Motion to Dismiss with prejudice under Fed. R. Civ. P. 12(b)(6), which was filed June 22, 2009

(Doc. 10) and joined by Defendant Darren White, the Sheriff of Bernalillo County, on June 26,

2009 (Doc.14).  The Court has reviewed the motions, the memorandum and exhibits submitted

by the parties, and the relevant authorities.  The Court concludes that the motion to dismiss must

be **GRANTED** without prejudice, with leave to refile within ten days.

I.  FACTUAL AND PROCEDURAL BACKGROUND

This case is brought as a class action suit under Rules 23(a) and 23(b) of the Federal

Rules of Civil Procedure, by "game fowl owners and/or breeders" who are stated to be residents

of the State of New Mexico and Texas, and reside in several cities, including, but not limited to

Chaparral, Las Cruces, Sunland Park and Albuquerque.  *See* Doc. 1, p. 2.  Plaintiffs have alleged

tort claims against various public officials of the State of New Mexico, as well as the Humane

Society of the United States and an individual with that organization, as well as an individual

veterinarian, for alleged "unlawful enforcement of a nonexistent law", New Mexico Code

Section 30-18-09, which criminalizes participating in dog and cock fighting.[1]  Among other

---

[1]  N.M. Stat. Ann. § 30-18-9 states:

  "A.  It is unlawful for any person to cause, sponsor, arrange, hold or participate in a fight between dogs or cocks for the purpose of monetary gain or entertainment. Participation in a fight between dogs or cocks for the purpose of monetary gain or entertainment consists of an adult knowingly: (1) being present at a dog fight without attempting to interfere with or stop the contest; or (2) owning or equipping one of the participating dogs or cocks with knowledge of the contest.
B.  It is unlawful to train, equip or sponsor a dog or cock for the purpose of having it participate in a fight with another dog or cock, respectively, for monetary gain or entertainment.
C. Any person violating the provisions of Subsection A or B of this section, as it pertains to dogs, is guilty of a fourth degree felony.
D.  Any person violating the provisions of Subsection A or B of this section as it pertains to cocks: (1) upon a first conviction, is guilty of a petty misdemeanor; (2) upon a second conviction, is guilty of a misdemeanor; and (3) upon a third or subsequent conviction, is guilty of a fourth degree felony."

claims, Plaintiffs assert that in enforcing the N.M.S.A. 30-18-09, Defendants have violated the due process requirements of the United States and New Mexico Constitutions in that they have failed to serve warrants, or have served unsigned warrants, have failed to mirandize individuals arrested, and have interrogated individuals without their lawyers present and without first reading them miranda warnings.  *See* Doc. 1, p. 2.  While admitting that during these raids various unnamed members of the class provided signed consents for the destruction of their game fowl, Plaintiffs allege that these consents were obtained under threat of arrest, and that the destruction of the game fowl in question without more advanced notice or a hearing is a violation of due process.  Plaintiffs also allege that the seizure and destruction of their game fowl, as well as the seizure of other property such as cash and vehicles, is a taking without just compensation in violation of the U.S. Constitution and the New Mexico Constitution, Art. II, §20.  Plaintiffs allege that they are not engaged in cock fighting, but are simply breeding game fowl and have possession of fighting equipment for nostalgic reasons, "as a remainder [*sic*] of the years when it was legal."  *See* Doc.  21, p. 4, para. (E)(7).  Plaintiffs' attorney has asserted that this is a class action, without providing supporting documentation or a motion requesting class certification. *See* Docs. 1 & 21.  In addition to seeking dismissal, Defendants argue that this action should not be certified as a class action.  *See* Docs. 10 and 22.

## II. MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

### A.  BURDENS GENERALLY

Under Fed. R. Civ. P. 12(b)(6) a complaint may be dismissed for failure to state a claim upon which relief may be granted.  It is well established that, when considering a motion to dismiss, the court must consider the pleadings in the light most favorable to the nonmoving

party, and all well-pleaded factual allegations made in the complaint are taken as true.  *See*

*Sutton v. United States School for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999); *see*

*also Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

  B.  PLAUSIBILITY

  Until recently, a case could not be dismissed under 12(b)(6) unless it appeared beyond a

doubt that the plaintiff could prove no set of facts in support of his claim which would entitle

him to relief.  *See Beedle* at 1063; *cited by The Ridge at Red Hawk, L.L.C. v. James M.*

*Schneider, et. al.*, 493 F.3d 1174, 1177 (10th Cir. 2007).  However, in *Bell Atlantic v. Twombly*,

the Supreme Court held that the new standard for dismissal under 12(b)(6) is whether the

complaint contains "enough facts to state a claim to relief that is plausible on its face."  127 S.

Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  Thus, while a complaint challenged by a rule 12(b)(6)

motion does not require detailed factual allegations, it must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly* at 1965; *see also James S. Noland v. City of Albuquerque, et. al.*, 2009 U.S. Dist.

LEXIS 43469 at *8-9 (D.N.M. 2009); *see also Jerry Armijo v. State of New Mexico*, *et. al.*, 2009

U.S. Dist. LEXIS 46546 at *5-6 (D.N.M. 2009); *see also Wheeler Peak, LLC v. LCI2, Inc., et.*

*al.*, 2008 U.S. Dist. LEXIS 91736 at *9 (D.N.M. 2008).

  In order to survive a motion to dismiss, the Plaintiff must "nudge [its] claims across the

line from conceivable to plausible."  *Twombly* at 1974.  The Tenth Circuit has held that "the

mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the

pleaded claims is insufficient; the complaint must give the court reason to believe that *this*

plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *The Ridge at*

4

*Red Hawk* at 1177; *quoted by James S. Noland v. City of Albuquerque, et. al.*, 2009 U.S. Dist.

LEXIS 43469 at *10 (D.N.M. 2009); *also quoted by Armijo* at *6.

The Tenth Circuit has interpreted the plausibility requirement in recent cases.  In *Robbins*

*v. Oklahoma*, the Tenth Circuit held that:

> '[P]lausible' cannot mean 'likely to be true.'  Rather, 'plausibility' in this
> context must refer to the scope of the allegations in a complaint: if they
> are so general that they encompass a wide swath of conduct, much of it
> innocent, then the plaintiffs 'have not nudged their claims across the line
> from conceivable to plausible.' The allegations must be enough that, if
> assumed to be true, the plaintiff plausibly (not just speculatively) has a
> claim for relief.

519 F.3d 1242, 1247 (10th Cir. 2008); *quoting Bell Atl. Corp. v. Twombly*, 127 S Ct. at 1974

(internal citations omitted); *quoted by Armijo* at *6 (D.N.M. 2009)*; also quoted by Wheeler Peak*

at *11 (D.N.M. 2008).

The requirement of plausibility is intended "weed out claims that do not (in the absence

of additional allegations) have a reasonable prospect of success" and to put defendants on notice

of the nature of the claims that they are to defend.  *Robbins* at 1248 (10th Cir. 2008); *citing*

*Twombly* at 1971 n.10; *quoted by Wheeler Peak* at *11-12 (D.N.M. 2008).  There must be

sufficient factual allegations in the complaint so that the defendant receives fair notice of the

nature of the claim and the grounds upon which the claim rests.  *See Robbins* at 1248; *see also*

*Twombly* at 1971, n.10; *see also Wheeler Peak* at *11-12.  A claim that does not mention a

specific time, place or person and thus consists merely of conclusory allegations leaves a

defendant seeking to respond with "little idea where to begin."  *Twombly* at 1971, n.10.

The Tenth Circuit has held that "the degree of specificity necessary to establish

plausibility and fair notice, and therefore the need to include sufficient factual allegations,

depends on the context: 'Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case' . . . The complaint in Twombly was inadequate because . . . the likelihood that the plaintiff would be entitled to relief, even if all of the allegations were true, fell short.  To allow such a complaint to proceed would impose the cost of discovery on the defendants for no plausible basis." *Robbins* at 1248; *quoting and citing Phillips v. County of Allegheny*, 515 F.3d 224, 2008 WL 305025, at \*4 (3d Cir. 2008); *also citing Twombly* at 1967. The Tenth Circuit has therefore held that a complaint must provide enough factual matter which, if taken as true, would suggest that the plaintiff is entitled to relief, above the speculative level; factual detail that is too sketchy will not provide the defendant with the notice required under Rule 8.  *See Dustin Robbins, et. al. v. State of Oklahoma, ex. rel. Dep't of Human Services, et. al.*, 519 F.3d 1242, 1247 (10th Cir. 2008); *see also Phillips v. Bell*, 2010 U.S. App. LEXIS 2904 at \*12 (10th Cir. 2010).

　　In analyzing the sufficiency of the plaintiff's complaint under threat of a 12(b)(6) motion, while the court must take all well-pleaded factual allegations as true, the plaintiff's "conclusory allegations" are not taken as true.  *See Noland v. City of Albuquerque* at \*11; *citing Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002); *also citing Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007); *also citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *also citing Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001); *see also Wheeler Peak* at \*12-13 (D.N.M. 2008).

　　In the present case, as in *Amijo*, *supra,* this Court finds that while the Plaintiffs have made conclusory allegations, they "ha[ve] not given an indication of the factual support [they] would need to prevail on [their] claims."  2009 U.S. Dist. LEXIS 46546 at \*18.  This Court is

troubled, as was the *Twombly* Court, by the failure of Plaintiffs to cite even one date on which the alleged injuries occurred, one specific individual who was injured, or one location of injury. *See Twombly* at 1971, n. 10.  The instant Complaint does not even provide a basic support or rationale for the seemingly high damages request of $77 million.  In short, the complaint is comprised only of conclusory allegations and "unsupported conclusions of mixed fact and law" which are not enough to survive a motion to dismiss. *See Wheeler Peak*, *supra,* at *23.  The Court also notes that in its Response to Defendants' Motion to Dismiss, Plaintiffs cite only one authority in support of the sufficiency of their complaint - *Twombly*, which simply sets the standards for sufficiency, and whose logic supports the Defendants' arguments. *See* Doc. 21, p. 2.  Plaintiffs have not nudged their claims across the line from conceivable to plausible.

C.  TIMELINESS OF RESPONSE TO MOTION TO DISMISS

It is well established that the failure to file a timely response to a Motion to Dismiss constitutes a waiver of the right to file a response, except upon a showing of excusable neglect. *See* Fed. R. Civ. P. 6(b).[2]  Under the Rules of this Court, a response must be filed within fourteen (14) days of a motion. *See* D.N.M.LR-Civ. 7.4(a) (2009).   Further, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b) (2009).

The Motion to Dismiss under consideration was filed on June 22, 2009.  Plaintiffs did not file a response to the Motion to Dismiss until July 27, 2009, well after the 14 day time limit.

---

[2]  "(b) Extending Time.  (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."  USCS Fed Rules Civ Proc R 6.

There has been no evidence offered of excusable neglect; indeed, the Plaintiffs have offered no explanation for their late filing.  However, the Plaintiffs have asserted, in a gross misstatement of the Federal Rules of Civil Procedure, that "no response is required to a motion to dismiss and a response can only be filed by court order."  *See* Doc. 21, para. 8.  This is incorrect.  Rather, as stated above, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b) (2009).

Therefore, this Court finds that the Motion to Dismiss is uncontested, and is properly granted.  However, even absent this failure to file a timely response, it would be appropriate to grant the Motion to Dismiss, for reasons stated *infra* and *supra*.

## III.  IMMUNITY ISSUES

### A.  REQUIREMENTS IN PLEADING A § 1983 CLAIM

Requirements for pleading a § 1983 claim echo those for pleading a claim generally.  In pleading a § 1983 claim, "plaintiffs must allege sufficient facts to support their § 1983 claims. Bare conclusions, even read in the light most favorable to plaintiff, may prove insufficient. 'The existence of the § 1983 remedy does not require that federal courts entertain all suits in which unconstitutional deprivations are asserted.  A federal constitutional question must exist 'not in mere form, but in substance, and not in mere assertion, but in essence and effect.'"  *Smith v. Plati* at 1176 (10th Cir. Colo. 2001); *quoting Wells v. Ward*, 470 F.2d 1185, 1189 (10th Cir. 1972); *in turn quoting Cuyahoga River Power Co. v. N. Ohio Traction & Light Co.*, 252 U.S. 388, 397, 64 L. Ed. 626, 40 S. Ct. 404 (1920).

B.  THE DEFENSE OF QUALIFIED IMMUNITY

Once the defendant has raised the defense of qualified immunity, the plaintiff must meet the "heavy burden" of a two-part test: the Plaintiff must show that the Defendants' actions violated his constitutional rights, and that the right alleged to have been violated was clearly established when it was violated.  *See Novitsky v. City of Aurora, et. al.*, 491 F.3d 1244, 1252 (10th Cir. 2007); *see also James K. Butler v. The City of Norman, et. al.*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Phillips v. Bell* at *27, n. 5 (10th Cir. 2010).

 In determining whether a right is clearly established,

> the 'inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition . . . .' [*citations omitted*]. That is, 'the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' [*citations omitted*].

> Moreover, '[a]s the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law.' [*citations omitted*].  Thus, where 'officers of reasonable competence could disagree' regarding the lawfulness of specific conduct, qualified immunity is warranted.

*Novitsky* at 1255-1256 (10th Cir. Colo. 2007); *quoting Saucier v. Katz,* 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001); *also quoting Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986); *citing Medina v. Cram,* 252 F.3d 1124, 1128 (10th Cir. 2001); *also citing Currier v. Doran*, 242 F.3d 905, 923 (10th Cir. 2001); *also quoting Hope v. Pelzer*, 536 U.S. 730, 741, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002).

Accordingly, *if* this Court had any kind of factual details regarding the alleged violations, *i.e.*, specific dates, names and locations, the appropriate question would be whether the individuals allegedly committing the violations had fair warning that their actions would be

9

deemed a violation of due process under the circumstances.  *Novitsky* at 1256.  However, we cannot even reach this point in the analysis, as the Plaintiffs have not presented basic factual events which might support their conclusory allegations.  Therefore, the Defendants are entitled to qualified immunity.  Plaintiffs have not alleged sufficient facts to make a *prima facie* showing that Defendants violated due process; Plaintiffs have not provided any dates or locations of the raids, names of individuals allegedly deprived of due process, a recitation of property destroyed (other than, generally, roosters, vehicles and cash), or any other bare bones facts from which Defendants might begin to investigate and defend their claim.

The Tenth Circuit has held that a mere allegations of violations of due process without "evidence of specific acts" are insufficient "to put at issue whether the [alleged] conduct violated clearly established rights" and that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Woodward v. City of Worland*, 977 F.2d 1392, 1398 (10th Cir. 1992).  In the current case, as in *Woodward*, we find that "[t]he vague, non-time-specific, and conclusory allegations that were made . . . were not sufficient to put at issue whether the [alleged] conduct violated clearly established rights."  *Woodward* at 1398.

C.  ESTABLISHING AN AFFIRMATIVE LINK BETWEEN DEFENDANTS AND ALLEGED CONSTITUTIONAL DEPRIVATION; REQUIREMENT OF UNDERLYING POLICY THAT VIOLATES THE CONSTITUTION OR DELIBERATE INDIFFERENCE OR RECKLESS DISREGARD FOR CONSTITUTIONAL RIGHTS.

In a 42 U.S.C. § 1983 claim, a plaintiff must show that the private defendants named acted under the color of state law.  *See Collins v. Johnson County, Kansas, et. al.*, 56 Fed. Appx. 852, 855 (10th Cir. 2002).  The Defendants joining in the instant Motion to Dismiss are all employees of various New Mexico State counties, and Plaintiff has made the *prima facie*

showing that all Defendants in this case acted under color of state law by asserting that the raids at issue were conducted pursuant to New Mexico Code Section 30-18-09 and a task force that was set up to implement New Mexico Code Section 30-18-09.

However, for a supervisor to be liable for the actions of those under him pursuant to a § 1983 claim, the Plaintiff must establish that "an 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation, or his exercise of control or direction, or his failure to supervise." *Butler* at 1055 (10th Cir. 1993); *citing Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988).  In other words, "'[i]n order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.'" *Novitsky* at 1254 (10th Cir. Colo. 2007); *quoting Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).   Further, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability . . . unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal [or state] policy, which policy can be attributed to the municipal [or state]  policymaker." *Butler* at 1055 (10th Cir. 1993).

Plaintiff asserts that Defendants which are parties to this Motion are liable simply because they were exercising control or direction over the raids and seizures that allegedly took place in violation of Plaintiffs' constitutional rights. *See* Doc. 21, para. B(2).

A governmental body or official may not be held liable under a theory of *respondeat superior*; therefore, in order to establish this liability due to direct control, the Plaintiff must show that 1) Plaintiffs are responsible for a policy, ordinance, regulation or custom which is in place and which violates constitutional rights; or 2)  a custom of failure to receive, investigate

11

and act on complaints of such violations which constitutes *deliberate indifference or reckless disregard* for constitutional rights.  *See Gates v. Unified School District No. 449, et. al.*, 996 F.2d 1035, 1039 (10th Cir. 1993); *citing D.T. by M.T. v. Independent Sch. Dist. No. 16*, 894 F.2d 1176, 1189 (10th Cir. 1990); *see also Monell et. al. v. Department of Social Services of the City of New York, et. al.*, 436 U.S. 658, 659 & 690, 98 S. Ct. 2018, 2019 & 2037-38, 56 L.Ed. 2d 611, 616 & 636 (1978).

> To demonstrate the latter the Plaintiff must prove:
>
> 1) a continuing, persistent and widespread practice of unconstitutional misconduct by the body's employees;
> 2) Deliberate indifference to or tacit approval of such misconduct by the governmental body after notice to its officials of that particular misconduct; and
> 3) That the Plaintiff was injured by virtue of the unconstitutional acts pursuant to the governmental body's custom and that the custom was the moving force behind the unconstitutional acts.

*Gates* at 1041.

> Similarly, the Tenth Circuit has laid out the elements a plaintiff must prove to hold supervising defendants individually liable to the plaintiff in a § 1983 claim; the Plaintiff must prove:
>
> 1) that the Defendants received notice of a pattern of violations of constitutional rights;
> 2) that the Defendants displayed deliberate indifference to or tacitly authorized the unconstitutional acts;
> 3) that the defendants failed to take proper remedial steps; and
> 4) that the defendants' failure to take proper remedial steps caused the plaintiff's injury.

*See Gates* at 1041.

> Mere negligence in failing to observe constitutional violations of subordinates is insufficient; "The Supreme Court has made it clear that liability under § 1983 must be predicated upon a 'deliberate' deprivation of constitutional rights."  *See Woodward v. City of Worland*, 977

F.2d 1392, 1399 (10th Cir. 1992); *citing City of Canton v. Harris*, 489 U.S. 378, 389 (1989); (additional citations omitted); *see also Darr v. Town of Telluride*, 495 F.3d 1243 (10th Cir. 2007); *citing Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995). Actual knowledge must be alleged and proved. *Id.* at 1399, n. 10 and 1400. While in the past demonstrating "gross negligence" was sufficient, that standard has since been rejected for a tougher "deliberate indifference," standard. *Woodward* at 1399-1400; *see also Myers v. Oklahoma Board of County Commissioners, et. al.*, 151 F.3d 1313, 1318 (10th Cir. 1998); *see also Darr, supra,* at 1256 ("Negligence is not a basis for liability under § 1983."). As stated, a §1983 claim requires that the Plaintiff demonstrate an "affirmative link" between the defendant and the alleged constitutional violation. *See Duffield v. Jackson, et. al.*, 545 F.3d 1234, 1239 (2008). Even "an isolated incident coupled with [knowledge and] a failure to discipline is inadequate to support a finding of an affirmative link." *Butler* at 1056 (10th Cir. 1993).

Here, Plaintiffs have presented no evidence that Defendants received notice of a pattern of constitutional rights violations, nor that they were indifferent to constitutional violations; without knowledge, it would be impossible for Defendants to have taken any remedial measures. There is no evidence of a policy or custom which caused Plaintiffs to suffer a constitutional deprivation. Plaintiffs have not made any allegation that the training by Defendants was deliberately indifferent to constitutional rights concerns.

In *Gates*, the Tenth Circuit held that a school board had insufficient knowledge of a teacher's violation of female students' rights through sexual harassment, and as such it was not put on notice that constitutional rights were in jeopardy; therefore as a matter of law the board did not act with indifference or reckless disregard for the plaintiff's constitutional rights. 996

F.2d 1035, 1040 (10th Cir. 1993).  In the instant case, Plaintiffs have provided no evidence whatsoever that Defendants were put on notice that the Plaintiffs' constitutional rights were in jeopardy.  Therefore, as a matter of law this Court finds that Curtiss Childress, Animal Control Officer of Dona Ana County, the Dona Ana County Sheriff, the Otero County Sheriff and Darren White, the Sheriff of Bernalillo County, did not act with indifference or reckless disregard for the Plaintiffs' constitutional rights.  As in the case of *Gates*, this Court finds that the Plaintiffs have not established any causal link or nexus between the Defendants' policies and a deprivation of Plaintiffs' constitutional rights.  *Gates* at 1040.

## IV.   REQUIREMENTS FOR CERTIFYING A SUIT AS A CLASS ACTION

Rule 23(c)(1) requires that the issue of class certification be decided as soon as practicably possible after the commencement of an action: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained.  An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits."  Fed. R. Civ. Pro. R. 23(c)(1).  The Tenth Circuit has interpreted this provision as requiring the trial court to timely decide whether to certify an action as a class action where it is an element of the case, whether or not such determination was requested by the parties.  *See Carlos Trevizio, et. al. v. Robe Adams, et. al.*, 455 F.3d 1155, 1161 (10th Cir. 2006); *citing Horn v. Assoc. Wholesale Grocers, Inc.*, 555 F.2d 270, 274 (10th Cir. 1977)).  In the current case, Plaintiffs have not filed a motion requesting class certification, as would be appropriate, but rather have simply asserted in their Complaint and Response to Defendants Motion to Dismiss that they are bringing a class action.  *See* Docs. 1 and 21.  The Defendants have argued in their Motion to Dismiss (Doc. 10) that a class action is inappropriate,

14

and since it is this Court's responsibility to consider the issue as soon as practicable, we herein review.

The question of whether to certify a class is a fact- and case-specific inquiry.  *See Trevizio* at 1162 (10th Cir. 2006).  *See also General Electric Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982).

The Plaintiff bears the burden of demonstrating that all prerequisites for class designation are met.  *See Pueblo of Zuni v. United States of America, et. al.*,  243 F.R.D. 436, 444 (D.N.M. 2007); *citing Rex v. Owens ex. rel. State of Okla.*, 585 F.2d 432, 435 (10th Cir. 1978).  While the plaintiff's burden does *not* include a "convincing demonstration of the merits of his underlying case", it *is* appropriate for the Court to consider the inferiority or superiority of a class action in terms of fairness and efficiency.  *See Marie Wilcox et. al. v. Commerce Bank of Kansas City*, 474 F.2d 336, 345 (10th Cir. 1973).  In determining class certification, the Tenth Circuit has held that when in doubt a court should err in favor of maintaining a class action.  *See Sollenbarger v. Mountain States Tel. & Tel. Co.*, 121 F.R.D. 417, 435 (D.N.M. 1988); *quoting Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1968).  However, the court must still engage in a rigorous analysis of whether the prerequisites of Rule 23 have been satisfied.  *Zuni* at 444; *citing Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004); *in turn quoting Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982).[3]

---

[3]  *See also DG v. Devaughn*, 2010 U.S. App. LEXIS 2597 at *8 (10th Cir. 2010); *see also Vallario v. Vandehey*, 554 F.3d 1259, 1265 (10th Cir. 2009) (reversing a lower court's grant of class certification where it did not analyze all required factors under Rule 23); *see also J.B. v. Valdez,* 186 F.3d 1280, 1287-1288 (10th Cir. N.M. 1999)*; see also Rex v. Owens* at 435-436 (10th Cir. Okla. 1978)*; see also General Electric Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740, 752 (1982); *see also Trevizio* at 1162 (10th Cir. 2006).

This Court notes at the outset that Plaintiffs have not provided *even one authority* in support of their claim that it is appropriate to bring this action as a class action (*see* Docs. 1 and 21), nor have they submitted a Motion for Class Certification, nor a memorandum of law in support of class certification.  Further, the definition of the class provided by the Plaintiffs, see discussion *infra*, is extremely broad.

A.  THRESHOLD REQUIREMENTS UNDER RULE 23(a)

Federal Rule of Civil Procedure 23(a) sets out the prerequisites for bringing a class action, all of which must be present:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a) has been summarized as requiring that plaintiffs meet the four preconditions of "'numerosity, commonality, typicality, and adequacy of the named parties to represent the class.'" *Mindi Lance Quinn, et. al. v. Nationwide Insurance Company*, 281 Fed. Appx. 771, 775 (10th Cir. 2008); *quoting Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004); *see also Amchem Products, Inc., et. al. v. George Windsor, et. al*, 521 U.S. 591, 613, 117 S. Ct. 2231, 2245, 138 L. Ed. 2d 689, 706 (1997).  It is well established that the party seeking class certification must meet a *strict burden of proof*  that all four requirements of 23(a) are *clearly* met.  *See Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988); *see also Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006); *see also Quinn* at 775 (10th Cir. 2008)*; see also Rex v. Owens* at 435; *see also General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161, 72 L. Ed. 2d 740, 102 S. Ct. 2364 (1982).

This Court finds that Plaintiffs have not met the strict burden of proof that all requirements for class certification under Fed. R. Civ. Pro. R. 23(a) have clearly been met, in particular the requirements of commonality, typicality and fair and adequate protection of the interests of the class have not been met.  However, even if these requirements were found to be met, class certification would still fail because none of the factors under Fed. R. Civ. Pro. 23(b), discussed *infra*, have been met.

      1.  Numerosity

It is well established in the Tenth Circuit that there is no specific number which has been deemed sufficient to meet numerosity requirements - the inquiry depends on the circumstances of a particular case; however there must be some reasonable basis for the number claimed.  *See MacArthur Sylvester Rex, et. al. v. State of Oklahoma, et. al*, 585 F.2d 432, 433 (10th Cir. 1978).[4] *See also Trevizio*  at 1162 (10th Cir. 2006); *citing Johnson v. Thompson*, 971 F.2d 1487, 1498 (10th Cir. 1992).  The burden of establishing the number of individuals in a class is on the party asserting class status.  *MacArthur Sylvester Rex* at 433.

Plaintiffs' attorney has asserted that this class is so numerous that joinder of all members is impracticable.  Plaintiffs state "[t]he exact number of members of the class, as hereinabove identified and described, is not known, but it is estimated that there are not less than 2,000 members." Doc.1, p. 4, para. VI.  Defendants counter that they "dispute . . . that there are 2000 class members and submit that the Defendants did not effectuate 2000 arrests in connection with

_____

[4]  "In class action suits there must be presented some evidence of established, ascertainable numbers constituting a class in order to satisfy even the most liberal interpretation of the numerosity requirement.  There is, however, no set formula to determine if the class is so numerous that it should be so certified.  The determination is to be made in the particular circumstances of the case."

their enforcement of NMSA 1978, 30-18-9." Even if only 50 arrests were made, that might be sufficient for a class action. Indeed, "[c]lass actions have been deemed viable in instances where as few as 17 to 20 persons are identified as the class." *MacArthur Sylvester Rex* at 433.

Factors that are relevant in determining whether joinder is impracticable include class size, geographic diversity, the relative ease or difficulty of identifying members of the class for joinder, the financial resources of class members, and the ability of class members to institute individual lawsuits. *See Zuni* at 444.

This Court is troubled by the lack of evidence supporting the alleged number of class members - the number seems to have been arbitrarily chosen. However, the other factors of this case, which have been entirely inadequately briefed by Plaintiffs, would nonetheless seem to indicate that the requirement of numerosity has been met (class members are purportedly in New Mexico and Texas, therefore are geographically diverse; at least some of the Plaintiffs will likely be private individuals who are members of the Kiowa Tribe, whom it would seem unlikely would have  excess resources to devote to lawsuits; and a class size which, even if it is not 2,000 is assumed to be at least 50, would be sufficiently numerous to constitute a class). Therefore, the numerosity requirement appears to have been met, although Plaintiffs should have addressed the numerosity factors more specifically in their pleadings.

2. Commonality

In demonstrating that prerequisite 23(a)(2) has been met, the plaintiff must establish that there is a question of law or fact common to all class members. Factual differences alone  should not result in a denial of class certification where common questions of law exist. *See Zuni* at 445; *citing Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982). At the same time, the

Supreme Court has held that "'members of a putative class must 'possess the same interest and suffer the same injury.'" *Trevizio* at 1163 (10th Cir. 2006); *quoting Gen. Tel. Co. of Southwest v. Falcon* at 156.  In addition, allegations of systemic violations of the law will not automatically satisfy Rule 23(a)'s commonality requirement; a discrete legal or factual question common to the class must exist."  *DG v. Devaughn*, 2010 U.S. App. LEXIS 2597 (10th Cir. 2010); *citing J.B. v. Valdez*, 186 F.3d 1280, 1288-89 (10th Cir. 1999) ("For a common question of law to exist, the putative class must share a discrete legal question of some kind.")

In the current case, the Complaint alleges that the issue of law common to all class members is the violation of their due process rights through seizure and destruction of private property, interrogation and the arresting of Plaintiffs without valid warrants or probable cause. *See* Doc. 1, p. 2.  The Plaintiffs complaint is woefully insufficient in its pleading of factual allegations, therefore this Court finds that the burden of establishing commonality has not been met.  However, assuming, *arguendo*, that we were to accept Plaintiff's vague allegations of blanket due process violations occurring in raids executed pursuant to N.M.S.A. 30-18-09 across several counties in New Mexico, the class certification would still fail under Rules 23(a)(3)-(4).

3. Typicality

Rule 23(a)(3) requires that the named representative's claims be typical of the class' claims.  *See* Fed R. Civ. P. 23(a)(3).  Under 23(a)(3), the Plaintiffs claims are typical if they arise from "'the same event or practice or course of conduct that gives rise to the claims of the other class members and are based on the same legal theory.'" *Zuni* at 446 (*internal citations omitted*). The essential characteristics of the named plaintiffs' claims must be the same as or similar to the class' claims -- but they need not be identical.  *See Lymon v. Aramark Corp.*, 2009 U.S. Dist.

LEXIS 118181, 12-14 (D.N.M. Dec. 12, 2009).  Some degree of factual differences among class members will not necessarily defeat typicality under 23(a)(3) so long as the claims of the class representative(s) and class members are based on the same legal or remedial theory.  *See Adamson v, Bowen*, 855 F.2d 668. 676 (10th Cir. 1988).

However, it would be error for a district court to presume that the Plaintiffs' claims against Defendants are typical of other claims against Defendants "in the absence of any specific presentation identifying the questions of law or fact that [a]re common to the claims of the [Plaintiffs] and of the members of the class [they seek] to represent."  *General Electric* at 148.

Plaintiffs have failed to provide this Court with sufficient factual allegations which would allow an inference of typicality of claims.  The instant complaint vaguely encompasses multiple counties, raids, officers and sheriffs; the facts involved in each raid will necessarily be different, and the practice of each county's sheriff's office will necessarily be different.  Whether or not there were due process violations which occurred during the various raids at issue, which were spread across several counties, is necessarily a fact-specific and individualized inquiry, which would present numerous *uncommon* and *atypical* issues of law and fact.   Because of the individual circumstances of each investigation and ensuing raid, the claims, defenses and facts will vary according to the individual plaintiffs, locations of the raids, and officers involved.  As stated in *Zuni*, "individualized issues abound in this case."  243 F.R.D. 436 at 446.

4.  Adequacy of Representation

In order to satisfy Due Process, Rule 23(a)(4) requires that a district court must stringently evaluate the claim by the Plaintiff that he is a proper class representative and will provide fair and adequate representation, because unnamed class members will be bound by the

judgment.  *General Electric Telephone Company of the Southwest v. Falcon* at 160-161; *see also*

*Trevizio* at 1161 (10th Cir. 2006); *see also Lymon v. Aramark Corp.*, 2009 U.S. Dist. LEXIS

118181, *12-14 (D.N.M. 2009); *see also Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367,

378-379, 116 S. Ct. 873, 880, 134 L. Ed. 2d 6, 20 (1996).

      The Tenth Circuit has identified two questions relevant to the adequacy of representation

inquiry: (1) whether the named plaintiffs and their counsel have any conflicts with other class

members; and (2) whether the named plaintiffs and their counsel will vigorously prosecute the

action on behalf of the class.  Specifically, the attorney representing the class must be qualified,

experienced, and generally able to conduct the  proposed litigation.  *See Rutter & Wilbanks*

*Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002); *See also Lopez v. City of Santa*

*Fe*, 206 F.R.D. 285, 289-90 (D.N.M. 2002); *see also Lymon v. Aramark Corp*., 2009 U.S. Dist.

LEXIS 118181, *12-14 (D.N.M. 2009).

      a.  Conflicts Between Class Members

      In *Anchem* the Supreme Court critically examined a class definition and found that the

class, consisting of individuals who had been exposed to asbestos, whether or not they had filed

suit as of the date of the action and proposed settlement, was found to be too broad, and its

interests too varied, for its members to fairly be represented in a class action.  In *Pueblo of Zuni*

*v. United States of America, et. al.*, this Court similarly found the proposed class definition to be

"overbroad and unworkable, as proposed by the Plaintiff", as it would have included tribes

which had not exhausted their claims and tribes which did not allege any injuries.  243 F.R.D.

436, 443 (D.N.M. 2007).

      In the current case Plaintiffs' Complaint defines the class as "citizens and members of the

public who own, breed and/or sell game fowl and related equipment." *See* Doc. 1, p. 3, para. VI. The details of the raids conducted pursuant to N.M.S.A. 30-18-09 and the resulting alleged due process violations are not given; however, given that the several New Mexico County Sheriffs are named, we assume that the raids took place in multiple counties. *See* Doc. 1, p. 2, para. III. The named class under the Complaint is simply too broad, and the details of each raid will likely be too varied, to provide for adequate representation of individual claims through a class structure. In addition, this proposed definition encompasses individuals who do not allege injury, as in *Zuni*, *supra*.

b. Adequacy of Counsel

Here, based on the submissions by Plaintiffs' counsel to date, this Court concludes that the requirement of adequacy is not met. Plaintiffs' counsel has failed to file a Motion for Certification of a Class, has failed to cite relevant controlling authority in support of his argument, has misstated the Federal Rules of Civil Procedure and has failed to identify local counsel which he asserts will be assisting him (*see* Doc. 1, para. IX).

In addition, Plaintiffs' assertion that "there is no conflict as between any individual named plaintiff and other members of the class with respect to this action, or with respect to the claims for relief herein set forth" is insufficient for purposes of the Court's analysis, given the dearth of facts presented in the Plaintiff's Complaint and Response to Motion to Dismiss. *See* Docs. 1 and 21. Therefore, this Court finds that the Plaintiffs have not met the adequacy requirement of Rule 23(a)(4) for purposes of certifying a class.

B. SHOWING THAT THE ACTION IS MAINTAINABLE UNDER 23(b)

Even where Rule 23(a) has been satisfied, a class action may only be maintained if it

meets *at least one* requirement under 23(b) as well.  *See Monreal et. al. v. Potter*, 367 F.3d 1224, 1235 (10th Cir. 2004); *see also Esplin et. al. v. Hirschi*, 402 F.2d 94, 98 (10th Cir. 1968); *see also Zuni* at 444.  Thus, a class action may be maintained if Rule 23(a) is satisfied *and* if one of the following factors under 23(b) is met:

> (1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Plaintiffs' attorney has not even attempted to shoulder the burden of demonstrating that one of the 23(b) requirements is met.  *See* Docs. 1 and 21.  However, we will nonetheless discuss the four 23(b) factors in turn, none of which are met in this case.

Firstly, prosecuting separate actions by or against individual class members would *not* create a risk of inconsistent results as stipulated under 23(b)(1), as each case involves different individual plaintiffs against whom evidence of violations of N.M.S.A. 30-18-09 will inevitably vary.  Unfortunately, Plaintiffs have not supplied any details about the raids alleged to have been conducted in violation of due process, but simply alleges that multiple raids took place in

multiple counties.  As such, it is clear that the details of those raids, as well as the specific officers involved, will vary depending on the date, time, location, and suspect targeted in each raid.

Similarly, Plaintiffs do not satisfy 23(b)(2).  It is impossible to arrive at the conclusion that the defendants have uniformly acted or refused to act on grounds that apply generally to the class under 23(b)(2); Plaintiffs have provided no evidence of collusion or cooperation on the part of the Defendants to ensure that their policies or training regarding implementation of N.M.S.A. 30-18-09 are uniform, or that the same officers took part in raids across counties, or that the facts alleged against each plaintiff in each raid are substantially similar.  Further, "under Rule 23(b)(2) the class members' injuries must be sufficiently similar that they can be addressed in an single injunction that need not differentiate between class members."

Further, as the Tenth Circuit has confirmed, Rule 23(b)(2) applies primarily to injunctive or declaratory relief, and "'does not extend to cases in which the appropriate final relief relate[s] exclusively or predominately to money damages.'" *Quinn* at 777 (*internal citations omitted*).  As noted in *Monreal*, Fed. R. Civ. Pro. R. 65(d) requires that injunctions be specific in the terms and in the act(s) sought to be restrained.  Injunctions simply requiring that a defendant follow the law are too vague to satisfy this standard.  367 F.3d 1224 at 1235; *citing Keyes v. Sch. Dist. No. 1*, 895 F.2d 659, 668 & n. 5 (10th Cir. 1990).

Here, Plaintiffs ask that "the current prosecution [*sic*] of Section 38-09-08 [*sic*] to owners of roosters be declared unconstitutional" and that Defendants be restrained and enjoined from violating due process when in "the enforcement of section 38-09-08 [*sic*]".  *See* Doc. 1, pp. 9-10. An injunctive or declaratory ruling that Plaintiffs follow laws regarding due process would be

inappropriately broad.  Plaintiffs further assert that they do not question the constitutionality of N.M.S.A. 30-18-09, however they "are requesting declaratory relief that would provide that the code section at issue does not criminalize the owning and/or breeding of game fowl including roosters and or possession of the fighting equipment as a remainder [*sic*] of the years when it was legal."  *See* Doc. No.  21, p. 4, paras. (E)(6)-(7).  Since the Plaintiffs are not claiming that this New Mexico State statute is unconstitutional,[5] this Court will decline to offer a declaratory interpretation, and will instead leave that matter to the New Mexico State legislature, where it properly rests.

As in *Monreal*, Plaintiffs in the instant case have failed to point to any particular policy - besides generalized allegations of due process violations - that the Defendants applied to the entire class and which could be the subject of declaratory or injunctive relief.  Plaintiffs do request a specific dollar figure for their damages, $77M (although factual support for this figure has not been provided in the complaint).  Thus, this Court reads the primary relief sought as money damages; further, the injunctive relief sought, in the absence of any kind meaningful detail provided by Plaintiffs, would be too broad to be the subject of declaratory or injunctive relief.  As stated previously, given that each class member's injury would depend on the circumstances and facts inherent to their activities related to roosters, and the subsequent raids, which span several counties and would necessarily involve the actions of multiple law enforcement officers, the class members' injuries cannot be sufficiently similar such that they can be addressed in an single injunction that need not differentiate between class members.

---

[5]  "Plaintiffs do not question whether it is Constitutional or not to criminalize rooster fighting.  Plaintiffs do challenge the application of that statute to criminalize and target legal activity involving roosters such as possession and breeding."  Doc.  21, para. E(6).

This Court also cannot find that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy under 23(b)(3).  The Tenth Circuit has held that "in denying class action status it [is] sufficient . . . to determine on an adequate record and for good reasons stated that the procedure [is] not superior to other procedures irrespective of whether the common issues of fact or law [are] predominant."  *Wilcox* at 345.  Further, courts have noted that the "predominance" criteria of 23(b)(3) is "'far more demanding'" than the Rule 23(a)(2) commonality requirement.  *See Monreal et. al. v. Potter*, 367 F.3d 1224, 1237 (10th Cir. 2004); *see also Anchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24, 138 L. Ed. 2d 689, 117 S. Ct. 2231 (1997).  The Tenth Circuit has held that "in determining the predominance of common over individual questions, the critical test is 'whether there is 'material variation' in elements'" of each individual claim.  *Esplin et. al. v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1968) (internal citations omitted); *see also Gold Strike Stamp Co. v. Christensen*, 436 F.2d 791, 793 (10th Cir. 1970).

Indeed, a class action may well result in a manifest injustice for one or more Plaintiffs because the individual details of one or two particularly compelling cases, which may have more merit than the claim as a whole, might not receive the consideration and time from this Court that their individual circumstances would truly warrant.[6]  The Supreme Court has stated that a 23(b)(3) inquiry, among other things, "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Anchem Products, Inc., et. al. v. George Windsor, et.*

---

[6]  Further, as in *Wilcox*, *supra*, this Court finds that the $77 Million figure requested by Plaintiffs "would be oppressive in consequences and difficult to justify" given that "the complaint contains no indication of any actual damages in substantial or provable amount."  474 F.2d 336 at 347.

*al*, 521 U.S. 591, [ ] and 623, 117 S. Ct. 2231, [ ] and 2249, 138 L. Ed. 2d 689, [ ] and 713

(1997).

This Court agrees with Defendants that, given that Plaintiffs' allegations seemingly

incorporate several counties, individual plaintiffs, dates, factual circumstances, and locations, a

class action is not appropriate.  This Court agrees that:

> Evidence will be needed to determine whether reasonable suspicion,
> probable cause or a warrant was present for each alleged contact with each
> prospective Plaintiff in order to determine whether a constitutional
> violation occurred.  In addition, not all of the Defendants participated [in
> each enforcement under the Cockfighting Statute] . . . separate evidence
> from each Defendant will be needed to defend each claim . . . Plaintiffs will
> have to introduce a great deal of individualized proof in order to prevail on
> their claims . . . [thus] whether any particular plaintiff will be entitled to
> recover will depend a great deal upon a number of individualized factors.

*See* Doc. 10, pp. 8-9.

Plaintiffs have not met the lower commonality criteria of 23(a)(2), and most assuredly

have not met the "far more demanding" predominance criteria of 23(b)(3).  As in *Monreal v.*

*Potter*, "Plaintiffs have not identified any specific policy of the Defendant[s] purportedly

responsible for the alleged [constitutional violations].  Nor have Plaintiffs established any

common policy that was applied to the entire class in the same way . . . Indeed, no policy of the

Defendant[s] purportedly responsible for the discrimination alleged to has been articulated with

any degree of specificity." 367 F.3d 1224, 1237 (10th Cir. 2004).  Plaintiffs have not alleged that

the training practices and manuals of the various county defendants' sheriffs departments and the

Animal Control of Dona Ana County are uniform, and it seems highly unlikely that they would

be.  Indeed, animal control is an entirely different governmental operation than a sheriff's office,

therefore training would necessarily be different.  Also, for Plaintiffs' claims to stand the training

policies for due process and for enforcement of N.M.S.A. 30-18-09 would have to be uniform enough across counties such that lumping them together would still bring about fair and efficient adjudication for all members of the class.  In short, questions of law or fact common to class members do not predominate over questions specific to individual members.  *See* Fed. R. Civ. Pro. R. 23(b)(3).  We conclude, as did the Tenth Circuit in *Monreal*, that "[t]he myriad [due process violations] that Plaintiffs allege . . . each require independent legal analysis, and similarly challenge the predominance requirement of Rule 23(b)(3) if not also the commonality requirement of Rule 23(a)."  *Monreal* at 1237.

As in *Reed, supra*, here we have a "failure of proof" by the Plaintiffs (or even sufficiently alleged facts) which would support a class action certification; it is not appropriate for the Court to certify class status based on guesswork.  849 F.2d 1307 at 1310 (10th Cir. 1988) ("Crucial factors, such as economies of time, money, judicial resources, and the avoidance of multiple litigation, can remain wholly unsatisfied when certification occurs based on guesswork.")

Plaintiffs assert in their response to Defendants' Motion to Dismiss that they "attempted to obtain official information regarding these raids but the Defendants refused to provide any" and that it would therefore be unjust to dismiss this claim without allowing discovery to first take place.  Doc. 21 at para. B.3.  However, presumably Plaintiffs' attorney must have had some factual allegations which caused him to believe that this is a valid claim, and alleged details of due process violations were accessible to him via interview with his clients.  Therefore, the fact that discovery has not yet taken place does not excuse Plaintiffs from sufficiently pleading their claim or providing some details which would support class certification.  *See Reed* at 1314 (It is not the function of the courts to use their power to help solicit claims).

28

For all the reasons stated herein, we decline to certify this action as a class action.

V.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,  **IT IS ORDERED** that Defendants Curtiss Childress, Dona Ana County Sheriff and Otero County Sheriff's Motion to Dismiss (Doc. 10), joined by Defendant Darren White (Doc.14), is **GRANTED** without prejudice.  The shortcomings of the Plaintiffs claims in the Complaint, in their present state, are insurmountable.  Plaintiffs may, within ten days of this Memorandum Opinion and Order being entered, file an amended complaint to cure the defects in their Complaint.  If Plaintiffs do not file an amended complaint, the Court will order a final judgment against Plaintiffs in favor of Defendants Curtiss Childress, the Dona Ana County Sherif, the Otero County Sheriff and Darren White, the Sheriff of Bernalillo County.

In addition, based on the foregoing, and all the files, records and proceedings herein, **IT IS ORDERED** that Class certification is **DENIED**.

This Court respectfully requests that Plaintiffs check for grammatical and spelling errors prior to submission of documents, research and cite relevant authority, and attempt to properly state and follow civil procedure rules in all future filings.  The Court notes that it is an attorney's responsibility to effectively research the arguments he or she presents to this Court.

**DATED** this 31st day of March, 2010.

_____

**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

**Plaintiff**
**Kiowa Association**
*in association with the Kiowa Indian Tribe*
*under the provision of CRF 25 through Elton*
*Lowry as Director*

represented by **Carlos Miguel Quinonez**
*303 Texas Avenue #203*
*El Paso , TX 79901*
*(915) 533-0009*
*Fax: (915) 533-4399*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**The New Mexico Game Fowl Breeders**
**Association**
*through Ronald Barron as President and its*
*members and all others similarly situated*
*and/or injured*

represented by **Carlos Miguel Quinonez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roger Rodriguez**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Otero County Sheriff**
*individually*

represented by **Jonlyn M Martinez**
P O Box 1805
105 14th St. SW
Albuquerque , NM 87103-1805
(505) 247-9488
Fax: (505) 247-9566
Email: jonlyn@sleaseandmartinez.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Heather Furgeson**
*of Animal Protection of New Mexico, and as*
*a member of the Task Force*

represented by **Sean Olivas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Steve Suttle**
*Assistant Attorney General as Head of the*
*Task Force*

represented by **Sean Olivas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Defendant**
**Patricia Feeser**
as DVM Vet

represented by **Sean Olivas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Defendant**
**Faron Segotta**
*Chief of NM State Police*

represented by **Sean Olivas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Defendant**
**Curtis Childress**
as Animal Control Officer of Dona Ana
County

represented by **Jonlyn M Martinez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**William D. Slease**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Defendant**
**John P Goodwin**
of the Humane Society of the United States

represented by **Edward F Messett**
Civerolo, Gralow, Hill & Curtis, PA
PO Drawer 887
Albuquerque , NM 87103-0887
Email: messette@civerolo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**M Clea Gutterson**
Civerolo, Gralow, Hill & Curtis, PA
P.O. Box 887
Albuquerque , NM 87103
(505)764-6020
Fax: (505)764-6099
Email: guttersonc@civerolo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Jon Does**

**Defendant**                                    represented by **Jonlyn M Martinez**
**Dona Ana County Sheriff**                      (See above for address)
*individually*                                   *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 William D. Slease
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**
**Humane Society of the United States**

**Defendant**                                    represented by **Deborah D. Wells**
**Darren White**                                 Kennedy, Moulton & Wells PC
Sheriff, Bernalillo County                       2201 San Pedro NE
                                                 Building 2, Suite 105
                                                 Albuquerque , NM 87110
                                                 505-884-7887
                                                 Fax: 505-884-7123
                                                 Email: ddwells@kmwpc.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*